## Thomas B. Jeffery v. Mary Keyes Babcock.

1. VERDICTS—*Not to be Disturbed Unless, etc.*—The verdict of the jury in this case ought not to be disturbed unless for some error of law supervening, and as none is shown by the record it is affirmed.

Assumpsit, on a contract for board and tuition. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

JAMES A. PETERSON, attorney for appellant.

ALDEN, LATHAM & YOUNG, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This suit was brought by appellee to recover damages for alleged breach of contract for the board and tuition, etc., of a daughter of appellant at the boarding school kept by appellee.

The verdict of the jury was in favor of the appellee, and under the evidence ought not to be disturbed, unless for some error of law supervening.

It is first claimed that appellee, the plaintiff, failed to show that she was ready, willing and able to perform the conditions of her contract, in that she failed to prove that she had in her school certain teachers mentioned by her in a certain letter written by her to appellant's wife, in order to secure the attendance of the daughter at the school. And an instruction covering this proposition was asked by appellant and refused. The letter in question was written April 25, 1898. No reply was made to it until September 1, 1898, and the correspondence that then followed makes no allusion to the statements in the letter of April 25th, but seems to relate to the making of new arrangements without reference to it. We think the instruction was properly refused, on the ground that the statements as to who the teachers were to be, formed no part of the contract, and it was no part of appellee's case to make proof concerning the employment of such teachers.

It was proved that a part of the contract included the occupancy of a certain room by the pupil, but it was indisputably shown that she removed from that room to another at her own request, though without the express assent of the appellant, and it in no way appears that her substituted room was not just as desirable as the one she left, or was worth any less for occupancy. We do not regard the change of room under the circumstances as constituting a material departure from the contract by the appellee.

The girl left the school because of homesickness, and was permitted to remain at home, although appellee offered to and did all she reasonably could do to induce appellant to cause her return. Counsel for appellant seeks to make out, by inference, that the homesickness of the daughter was caused by ill treatment or neglect received in the school. No evidence exists, however, upon which to base the argument, and there is too much human nature in the malady for the court, in the absence of evidence, to believe that it can exist only because of neglect or bad treatment. Appellant's older daughter had been an inmate of the school during the preceding year or more, and its management and the treatment of its pupils were presumably known to appellant, and he would have been singularly unobservant of this very common incident to boarding-school life not to have known, as appellee testified, that homesickness was a common occurrence that he contracted with reference to.

The jury fixed the damages at the contract price, less the amount estimated by appellee as the saving to her by reason of the withdrawal of the pupil from the school for the remaining part of the contract period. We can not follow the appellant's argument to show that other items of saving than those included in the testimony of appellee should be included.

It was a question for the jury to determine from the evidence, and appellant having offered no evidence on the subject, their conclusion must stand.

The point that nothing should have been allowed for school books furnished the pupil, and that the instruction

offered on that subject was erroneously refused, need not be discussed. It is evident from the amount of the verdict that nothing was given by the jury for the small sum claimed for school books, and hence that no harm was done to appellant, even though we assume there was technical error committed by the court in that behalf.

There are other errors contended for by the appellant, in the matter of the admission and rejection of evidence, the giving of instructions, and the remarks of counsel, all of which have been duly considered and are not thought to be tenable, or of a character to require us to prolong the opinion by a special discussion of them.

We discover no errors that entitle the appellant to a disturbance of the judgment, and it will therefore be affirmed.